UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TIMOTHY C. DRAPER,

                    Petitioner,

vs.                                   Case No. 3:17-cv-750-J-39MCR

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

                    Respondents.
_____

**ORDER**

**I.  INTRODUCTION**

Petitioner, an inmate of the Florida penal system proceeding
pro se, challenges his state court (St. Johns County) conviction
through a Petition for Writ of Habeas Corpus (Petition) (Doc. 1)
pursuant to 28 U.S.C. § 2254.  He is serving a twelve-year prison
sentence (aggravated assault with a firearm; false imprisonment;
aggravated battery with a deadly weapon) to be followed by eight
years of probation (possession of a firearm by a convicted felon).
Petition at 1.  Respondents filed a Response to Petition (Response)
(Doc. 12).[1]  Petitioner notified the Court he does not intend to

_____

[1] The Court hereinafter refers to the exhibits to the Appendix
(Doc. 12) as "Ex."  The Court refers to the Transcript of
Proceedings (Doc. 16) as "Tr."  Where provided, the page numbers
referenced in this opinion are the Bates stamp numbers at the
bottom of each page of the exhibit.  Otherwise, the page number on
the particular document will be referenced.

file a reply (Doc. 14).  The Petition is timely filed.  <u>See</u>
Response at 8-9.

## II.  EVIDENTIARY HEARING

The pertinent facts are fully developed in this record or the
record otherwise precludes habeas relief; therefore, the Court is
able to "adequately assess [Petitioner's] claim[s] without further
factual development," <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th
Cir. 2003), <u>cert</u>. <u>denied</u>, 541 U.S. 1034 (2004).  As the record
refutes the asserted factual allegations or otherwise precludes
habeas relief, the Court finds Petitioner is not entitled to an
evidentiary hearing.  <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474
(2007).  Petitioner has not met his burden of demonstrating a need
for an evidentiary hearing, particularly since an evidentiary
hearing was conducted in state court on several post conviction
claims.  <u>See</u> <u>Chavez v. Sec'y, Fla. Dep't of Corr.</u>, 647 F.3d 1057,
1060 (11th Cir. 2011) (opining a petitioner bears the burden of
establishing the need for an evidentiary hearing with more than
speculative and inconcrete claims of need), <u>cert</u>. <u>denied</u>, 565 U.S.
1120 (2012).

## III.  CLAIMS OF PETITION

Petitioner raises five grounds in his Petition.  In grounds
one through three,  he raises claims of ineffective assistance of
trial counsel.  He claims trial counsel was ineffective for: (1)
"failing to disclose to the court and the defendant the current

competency issues regarding the state[']s key witness[;]" (2) "failing to motion the trial court for defense D.N.A. expert affirmatively misleading defendant that he was not eligible for D.N.A. expert due to the economy[;] and (3) "failing to inform the court that the ordered mental health evaluation to determine defendant's competency to stand trial had never been done[,]" depriving Petitioner of a fair trial.[2]  Petition at 4, 6, & 7-8.

In his fourth ground, Petitioner claims the post conviction court committed reversible error "when it failed to conduct an adequate <u>Faretta</u>[3] hearing prior to allowing defendant to represent himself during the evidentiary hearing[,]" depriving Petitioner of his rights under the Due Process Clause.  Petition at 9.  Finally, in his fifth ground, Petitioner claims his "conviction was illegally obtained when the court accepted Petitioner's plea using a legally insufficient plea colloquy."  <u>Id</u>. at 11.

### IV.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus.  <u>See</u> 28 U.S.C. § 2254.  This statute "imposes important limitations on the power of federal courts to overturn the judgments of state

---

[2] Petitioner apparently raises an additional claim under this ground: the trial court erred in allowing defendant to proceed to trial without conducting a competency hearing.  Petition at 7-8. The Court will address this additional claim under ground three.

[3] <u>Faretta v. Cal.</u>, 422 U.S. 806 (1975).

courts in criminal cases." <u>Shoop v. Hill</u>, 139 S.Ct. 504, 506 (2019) (per curiam).  The AEDPA statute:  "respects the authority and ability of state courts and their dedication to the protection of constitutional rights." <u>Id</u>.  Therefore, "[u]nder AEDPA, error is not enough; even clear error is not enough." <u>Meders v. Warden, Ga. Diagnostic Prison</u>, 911 F.3d 1335, 1349 (11th Cir. 2019) (citing <u>Virginia v. LeBlanc</u>, 137 S.Ct. 1726, 1728 (2017) (per curiam)).

Applying the statute as amended by AEDPA, federal courts may not grant habeas relief unless one of the claims: "(1)'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' 28 U.S.C. § 2254(d)." <u>Nance v. Warden, Ga. Diagnostic Prison</u>, 922 F.3d 1298, 1300-1301 (11th Cir. 2019).

Thus, in order to obtain habeas relief, the state court decision must unquestionably conflict with Supreme Court precedent. <u>Harrington v. Richter</u>, 562 U.S. 86, 102 (2011).  If some fair-minded jurists could agree with the lower court's decision, habeas relief must be denied.  <u>Meders</u>, 911 F.3d at 1351.  As noted in <u>Richter</u>, unless the petitioner shows the state court's ruling was so lacking in justification that there was error well understood and comprehended in existing law beyond any possibility for fair-

minded disagreement, there is no entitlement to habeas relief. <u>Burt v. Titlow</u>, 571 U.S. 12, 19-20 (2013).

In undertaking its review, this Court is not obliged "to flyspeck the state court order or grade it." <u>Meders</u>, 911 F.3d at 1349. Indeed, specificity and thoroughness of the state court decision is not required; even if the state court fails to provide rationale or reasoning, AEDPA deference is due "absent a conspicuous misapplication of Supreme Court precedent." <u>Id</u>. at 1350 (citation and quotation marks omitted).

Of importance, a state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). But, this presumption of correctness applies only to findings of fact, not mixed determinations of law and fact. <u>Brannan v. GDCP Warden</u>, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (recognizing the distinction between a pure question of fact from a mixed question of law and fact), <u>cert</u>. <u>denied</u>, 573 U.S. 906 (2014).

Where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgement, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the

unexplained decision adopted the same reasoning." <u>Wilson v.</u>
<u>Sellers</u>, 138 S.Ct. 1188, 1192 (2018) (Wilson).

Once a claim is adjudicated in state court and a prisoner
seeks relief in the federal court system, AEDPA's formidable
barrier to habeas relief comes into play, and it is very difficult
for a petitioner to prevail under this stringent standard. As
such, state-court judgments will not easily be set aside once the
Court employs this highly deferential standard that is
intentionally difficult to meet. <u>See</u> <u>Richter</u>, 562 U.S. at 102.
Although AEDPA does not impose a complete bar to issuing a writ, it
severely limits those occasions to those "where there is no
possibility fairminded jurists could disagree that the state
court's decision conflicts" with Supreme Court precedent. <u>Id</u>. In
sum, application of the standard set forth in 28 U.S.C. § 2254(d)
ensures that habeas corpus is a guard against extreme malfunctions
in the state criminal justice systems, and not a mechanism for
ordinary error correction. <u>Richter</u>, 562 U.S. at 102-103 (citation
and quotation marks omitted).

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner raises three claims of ineffective assistance of
counsel. To prevail on his Sixth Amendment claims, Petitioner must
satisfy the two-pronged test set forth in <u>Strickland v. Washington</u>,
466 U.S. 668, 688 (1984), requiring that he show both deficient
performance (counsel's representation fell below an objective
standard of reasonableness) and prejudice (there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).  <u>See</u> <u>Brewster v. Hetzel</u>, 913 F.3d 1042, 1051-52 (11th Cir. 2019) (reviewing court may begin with either component).

In order to obtain habeas relief, a counsel's errors must be so great that they actually adversely effect the defense.  In order to satisfy this prejudice prong, the reasonable probability of a different result must be "a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694.

The standard created by <u>Strickland</u> is a highly deferential standard, requiring a most deferential review of counsel's decisions.  <u>Richter</u>, 562 U.S. at 105.  Not only is there the "<u>Strickland</u> mandated one layer of deference to the decisions of trial counsel[,]" there is the added layer of deference required by AEDPA: the one to a state court's decision.  <u>Nance</u>, 922 F.3d at 1303.  Thus,

> Given the double deference due, it is a "rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding." <u>Johnson v. Sec'y, DOC</u>, 643 F.3d 907, 911 (11th Cir. 2011). And, for the reasons we have already discussed, it is rarer still for merit to be found in a claim that challenges a strategic decision of counsel.

<u>Nance</u>, 922 F.3d at 1303.

## VI.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Ground One

In ground one, Petitioner claims the ineffective assistance of counsel for failure to disclose to the court and the defendant the competency issues of the state's key witness, Lisa Pressley. Petitioner raised this claim in his Rule 3.850 motion, Ex. Q at 22-25, and the circuit court addressed this ground after conducting an evidentiary hearing.  Ex. S.  In its order, the circuit court set forth the two-pronged <u>Strickland</u> standard before addressing the grounds for relief.  Ex. T at 179-81.

The circuit court, in addressing the claim of ineffective assistance of counsel, considered evidentiary hearing testimony. <u>Id</u>. at 181.  The court found trial counsel's, Ms. Barger's testimony credible.  <u>Id</u>. at 183-84.  The court also found Petitioner failed to establish that Ms. Barger was ineffective for failing to challenge Ms. Pressley's competency.  <u>Id</u>. at 184.  The court denied the claim concluding Petitioner failed to establish either ineffectiveness or resulting prejudice.  <u>Id</u>. at 185.  Upon review, Petitioner failed to overcome the presumption that counsel's performance fell within the wide range of reasonably professional assistance.

The Fifth District Court of Appeal (5th DCA) affirmed per curiam without explanation.  Ex. AA.  This affirmance is an adjudication on the merits entitled to AEDPA deference.  This Court will employ the "look through" presumption; the Court will "look

through" the unexplained decision to the last related state court decision that provides relevant rationale (the circuit court's decision denying post conviction relief) and will presume the unexplained 5th DCA decision adopted the same reasoning as the circuit court. <u>Wilson</u>.

The Court is convinced that fairminded jurists could agree with the circuit court's decision. Additionally, the Court defers to the state court's factual findings, including its credibility assessments. Petitioner has failed to rebut their correctness with clear and convincing evidence. <u>See</u> 28 U.S.C. 2254(e)(1). "Determining the credibility of witnesses is the province and function of the state courts, not a federal court engaging in habeas review. Federal habeas courts have 'no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.'" <u>Consalvo v. Sec'y for Dep't of Corr.</u>, 664 F.3d 842, 845 (11th Cir. 2011) (per curiam) (quoting <u>Marshall v. Lonberger</u>, 459 U.S. 422, 434 (1983)), <u>cert</u>. <u>denied</u>, 568 U.S. 849 (2012).

As the state court reasonably determined the facts and reasonably applied federal law to those facts in rejecting the claim of ineffective assistance of counsel, Petitioner is not entitled to habeas relief. The state court's ruling is entitled to AEDPA deference. The 5th DCA affirmed the trial court's decision. Ex. AA. The 5th DCA's decision is not inconsistent with Supreme Court precedent, and the state court's adjudication of this claim

is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. Thus, AEDPA deference is due, and Petitioner is not entitled to relief on ground one.

Evidentiary hearing testimony reveals Ms. Barger deposed Ms. Pressley at the Sulzbacher Center in Jacksonville, Florida. Ex. S at 458. The deposition took place in Jacksonville, because "it's our obligation to take a deposition in the county where the witness resides." <u>Id</u>. Ms. Barger testified it was never a secret that Ms. Pressley had had some mental health problems. <u>Id</u>. at 459. Ms. Barger said no one tried to hide Ms. Pressley's condition and it was known why she left the Sheriff's Office. <u>Id</u>.

During the deposition, Ms. Barger did not observe or hear anything that caused her to believe Ms. Pressley may be incompetent to testify. <u>Id</u>. at 461. Ms. Barger said she told Petitioner, that although Ms. Pressley had some mental health issues at the time she worked as a corrections deputy, there was no nexus between her problems at the time of her deposition and her observations and recording of evidence at the jail. <u>Id</u>. at 462. Ms. Barger testified that after reviewing the transcript of the trial, it was clear the state, on direct, brought out the fact that Ms. Pressley had been diagnosed as bipolar and manic depressive, was suffering from post-traumatic stress disorder, and was taking medication. <u>Id</u>. at 463. Ms. Barger attested that, after conducting the

deposition, she believed Ms. Pressley had the ability to testify. Id.

The trial record demonstrates Ms. Pressley worked at the Sheriff's Office from January 2006 to April of 2012. Tr. at 252-53. On direct, Ms. Pressley testified she left the Office due to some emotional issues. Id. at 253. She testified she was diagnosed as bipolar, manic depressive, and suffering form post-traumatic stress disorder. Id. She also testified she was taking medication, but it did not affect her ability to tell the truth. Id.

On cross examination, Mr. Barger asked Ms. Pressley whether they had spoken the day before the trial. Id. at 259. Ms. Pressley said yes. Id. Ms. Pressley testified she was not taking medication when she worked for the Sheriff's Office. Id. at 262. She said she began suffering from post-traumatic stress while employed due to a personal matter. Id.

In denying the post conviction motion, the circuit court opined:

> The Court finds that Defendant has failed to establish Ms. Barger was ineffective for failing to challenge Ms. Pressley's competency to testify at trial. Ms. Pressley could only have been precluded from testifying if the Court found her mental health illnesses so severe as to render her "unable to communicate to the jury, unable to understand the duty to tell the truth, or . . . unable to perceive and remember events." Hayward,[4] 183 So. 286, at 317. Defendant has proffered no evidence

---

[4] Hayward v. State, 183 So.3d 286 (Fla. 2015) (per curiam).

- 11 -

> supporting that Ms. Pressley's disorder
> impaired her ability to communicate to the
> jury, understand her oath to tell the truth,
> or remember or perceive the events pertaining
> to her testimony. Ms. Barger specifically
> testified at the evidentiary hearing that
> based on her face-to-face interactions with
> Ms. Pressley during depositions the day before
> trial, she found Ms. Pressley alert, able to
> communicate, and able to accurately recall the
> content of the testimony that she offered.
> Moreover, when Mr. Ferebee [the prosecutor]
> questioned Ms. Pressley at trial, he
> established before the jury that Ms. Pressley
> suffered from [redacted in the original], she
> was on medication for those illnesses the
> effect of which was to aid her in maintaining
> equilibrium, and the illnesses did not impair
> her ability to tell the truth. For these
> reasons, the Court finds Defendant has failed
> to establish either ineffectiveness or
> resulting prejudice, and ground one will be
> denied.

Ex. T at 184-85.

The circuit court also found credible Ms. Barger's testimony that she did not collaborate with the prosecutor to conceal Ms. Pressley's mental health issues from Petitioner or the court, nor was there any attempt made to hide the fact that Ms. Pressley had previously suffered mental health problems. Id. at 182-83. As noted by Respondents, "[a] review of the record and the trial and evidentiary transcripts indicate that the factual findings made by the trial court and affirmance by the appellate court are supported by the record." Response at 21. As such, Petitioner is not entitled to habeas relief on ground one.

## B. Ground Two

In his second ground, Petitioner raises a claim of the ineffective assistance of counsel for failure to move the trial court for a defense DNA expert and for affirmatively misleading Petitioner into believing he was not eligible for appointment of a DNA expert due to the economy. Petition at 6. Petitioner raised this claim in the second ground of his Rule 3.850 motion. Ex. Q at 25-26. After an evidentiary hearing, the circuit court denied relief. Ex. T at 185-90. The 5th DCA per curiam affirmed. Ex. AA.

The circuit court, before addressing Petitioner's claim of ineffective assistance of counsel, set forth the two-pronged Strickland standard of review for this claim grounded in the Sixth Amendment. Ex. T. The court found credible Ms. Barger's testimony at the evidentiary hearing that she did not tell Petitioner he was ineligible for an expert due to the economy. Id. at 188. The court also found, Ms. Barger's "decision not to hire a DNA expert for the defense because she believed another expert would not be able to provide any further testimony beyond what she elicited from the State's FDLE DNA expert on cross-examination" constituted reasonable trial strategy. Id. In its review, the court pointed out the record support for the prosecutor's assertion during the evidentiary hearing that Ms. Barger effectively cross examined the state's DNA expert regarding the reliability of the touch DNA procured from the firearm. Id. at 188. The court opined

Petitioner failed to establish prejudice, as there was no reasonable probability that the testimony elicited by a defense expert would have impacted the trial in any manner that would undermine the court's confidence in the verdict. <u>Id</u>. at 189. Finding no deficient performance or prejudice, the circuit court denied relief on this ground. <u>Id</u>. at 190.

The record demonstrates Ms. Barger made the strategic decision to rely on cross examination of the state's DNA expert and not hire a defense expert because Ms. Barger believed another expert would not be able to provide any further testimony beyond what she elicited from the state's DNA expert on cross-examination. It is important to recognize, "[wh]ich witnesses, if any, to call . . . is the epitome of a strategic decision, and it is one that [a court] will seldom, if ever, second guess." <u>Waters v. Thomas</u>, 46 F.3d 1506, 1512 (11th Cir. 1995), <u>cert</u>. <u>denied</u>, 516 U.S. 856 (1995). In order to demonstrate ineffectiveness, the decision must be so patently unreasonable that no competent attorney would have chosen that path.

The state court's determination is consistent with federal precedent. The decision to rely on cross examination of the state's DNA expert and not obtain and call a defense DNA expert under these particular circumstances was not so patently unreasonable that no competent attorney would have made that decision. Petitioner's counsel made a strategic decision to rely on effective cross examination of the state's expert, and this type

of tactical decision is entitled to deference and will seldom, if ever, be second guessed. See Parlaman v. Sec'y, Dep't of Corr., No. 8:14-CV-2644-T-23TGW, 2018 WL 1326891, at *6 (M.D. Fla. Mar. 15, 2018) (noting entitlement to deference for counsel's strategic decisions in matters normally entrusted to counsel).

The 5th DCA per curiam affirmed the circuit court's decision. Ex. AA. This decision is an adjudication on the merits and is entitled to deference under 28 U.S.C. § 2254(d). Applying Wilson's look-through presumption, the rejection of the claim of ineffective assistance of counsel for failure to move the court for a defense DNA expert and for misleading Petitioner as to his eligibility for a DNA expert was based on a reasonable determination of the facts and a reasonable application of Strickland.

The 5th DCA's decision is not inconsistent with Supreme Court precedent, and the state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts. When considering the claim of ineffective assistance of counsel, this Court must try to eliminate the distorting effects of hindsight, as counseled to do so in Strickland, 466 U.S. at 689. This Court must consider that counsel is given wide latitude in making tactical decisions, like selecting whom to call as witnesses. Id.

The Court recognizes, "[t]here are countless ways to provide effective assistance in any given case." Id. The trial court found Ms. Barger decision not to hire a DNA expert and to rely on

cross examination of the state's expert reasonable trial strategy. The Court finds counsel's decision-making was not so patently unreasonable that no competent attorney would have chosen that path.

As stated previously, AEDPA deference is warranted. The record shows the 5th DCA affirmed the decision of the trial court in denying this ground, and this Court will presume that the state court adjudicated the claim on its merits, as there is an absence of any indication or state-law procedural principles to the contrary. Since the last adjudication on the merits is unaccompanied by an explanation, it is Petitioner's burden to show there was no reasonable basis for the state court to deny relief. He has failed to do so. The Court concludes that the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief on ground two.

### C. Ground Three

In his third ground for relief, Petitioner raises a claim of ineffective assistance of trial counsel for failure to inform the court that the court-ordered mental health evaluation to determine defendant's competency to stand trial had never been done, depriving Petitioner of a fair trial. Petition at 7. Petitioner raised a similar claim in ground five of his post conviction motion. Ex. Q at 31-32. After an evidentiary hearing, in its

order denying post conviction relief, the circuit court applied the two-pronged <u>Strickland</u> standard of review governing claims of ineffective assistance of counsel. Ex. T. After the evidentiary hearing, the trial court denied post conviction relief on this ground. <u>Id</u>. at 197-99. Petitioner appealed the denial of his post conviction motion, and the 5th DCA per curiam affirmed. Ex. AA.

Summarily, the circuit court set forth the claim:

> In ground five of Defendant's motion, Defendant claims Ms. Barger was ineffective for failing to inform the court that the mental health evaluation to determine Defendant's competency to stand trial had not been completed, thus violating Defendant's due process right not to be tried while incompetent. Defendant asserts that Judge Wendy Berger, the judge presiding over Defendant's trial, ordered a mental health evaluation of Defendant at First Appearance, and that this was never properly completed. At the evidentiary hearing, Defendant presented examination and argument to the effect that he was dissatisfied with the mental health check that was performed on him while he was incarcerated and that he communicated this to Ms. Barger.

<u>Id</u>. at 197.

Thereafter, the court discussed the testimony presented at the evidentiary hearing:

> At the evidentiary hearing, Ms. Barger testified that she remembered reviewing the original paperwork from Defendant's first appearance and found that Judge Berger had written "order a mental health eval.," which Ms. Barger believed referred to the fact that Defendant was initially on suicide watch and was found to be suicidal upon his arrest. Ms. Barger stated she believed that if there were to be a mental health evaluation to that effect, Judge Berger would have been

responsible for directing the jail to perform one. The Court asked Mr. Anthony, Defendant's postconviciton counsel, if Defendant was trying to suggest that Judge Berger wanted anything more than to find out if Defendant continued to exhibit suicidal tendencies, and Mr. Anthony stated he could not determine from the wording in the first appearance paperwork whether Judge Berger sought a competency evaluation or mental health check.[5]

On cross-examination by Mr. Ferebee, Ms. Barger testified she recalled that when Judge Berger ordered a mental health evaluation to be performed on Defendant at first appearance, it had something to do with the fact that Defendant was under a suicide watch based on statements he made to his wife and a note that he had left. Ms. Barger testified that in her face-to-face conversations with Defendant, she never perceived any suggestion of incompetency, and that she believed an order to have Defendant evaluated for competency to stand trial was necessary. Ms. Barger stated for the record that she does not ordinarily receive a copy of the First Appearance form, and that she is not even sure she saw Defendant's First Appearance form until she reviewed it the day preceding the evidentiary hearing. She also noted that if Defendant had been placed on suicide watch, he would have been cleared by the psychiatric staff at the jail prior to being released into general population. During Defendant's closing argument, the Court noted that there is a distinction between a mental health evaluation and a competency evaluation and inquired as to the notation Judge Berger made regarding Defendant's needing a mental health evaluation. Defendant replied that he was placed in "general population" after having been on suicide watch for three days, and that he had no problems in the general population.

---

[5] Apparently, the First Appearance Form submitted to the Court was redacted during the state court proceeding, prior to its submission to this Court. Ex. X, Initial Brief of Appellant Timothy Charles Draper, Exhibit A.

<u>Id</u>. at 197-98.

The circuit court, after hearing the testimony, applied the two-pronged <u>Strickland</u> standard to the claim, and found neither deficient performance nor prejudice:

> To demonstrate prejudice from counsel's failure to investigate a defendant's competency, "a petitioner has to show that there exists 'at least a reasonable probability that a psychological evaluation would have revealed that he was incompetent to stand trial.'" <u>Nelson v. State</u>, 43 So.3d 20, 29 (Fla. 2010) (<u>internal citations omitted</u>)). Suicidal indications alone do not create any sort of presumption regarding a defendant's competency to stand trial. <u>Id</u>. (<u>citing</u> <u>Drope v. Missouri</u>, 410 U.S. 162, 95 S. Ct. 896 (1975)). Here, Defendant has presented no testimony or argument evincing that he was in any way incompetent to stand trial. Additionally, Ms. Barger indicated during the evidentiary hearing that, based on her face-to-face dealings with Defendant, she never believed it was necessary to move for a competency determination. The Court finds credible Ms. Barger's testimony that she did not find any reason to raise the issue of competency based on her face-to-face dealings with Defendant and based on the fact that the mental health check performed on Defendant by psychiatric professionals in prison indicated he was fit for release into the general population. Thus, the Court finds Ms. Barger's decision not to raise the issue of Defendant's competency does not constitute deficient performance. Moreover, the Court finds Defendant has failed to establish prejudice because Defendant has provided no evidence suggesting a psychological evaluation would have revealed he was incompetent to stand trial. Defendant acknowledged at the evidentiary hearing his sole basis for raising the issue of Ms. Barger's failure to move for a competency determination was that "if Ms. Berger ordered for me to have a mental health evaluation, I just wanted to make sure I had what she ordered." The testimony elicited

from Defendant by the Court at the evidentiary
hearing supports a conclusion that Defendant
misconstrued Judge Berger's order at first
appearance to have a mental health evaluation
performed based on Defendant's [sic] being
placed on suicide watch as an order to
determine whether Defendant was competent to
stand trial. For these reasons, ground five
will be denied.

Ex. T at 198-99.

Petitioner has not rebutted the circuit court's credibility
and factual determinations with clear and convincing evidence. See
28 U.S.C. §2254(e). Furthermore, Petitioner is unable to establish
the state court decision denying this ground was contrary to or an
unreasonable application of federal law. The record demonstrates
the circuit court properly applied the Strickland standard and
found no deficient performance, nor prejudice.

Petitioner appealed the denial of his Rule 3.850 motion.
Pursuant to Wilson, it is assumed the 5th DCA adopted the reasoning
of the trial court in denying the Rule 3.850 motion. The state has
not attempted to rebut this presumption. Deference under AEDPA
should be given to the last adjudication on the merits provided by
the 5th DCA. Ex. AA. Upon review, the Florida court's decision is
not inconsistent with Supreme Court precedent, including Stickland
and its progeny. The state court's adjudication of this claim is
not contrary to or an unreasonable application of Strickland, or
based on an unreasonable determination of the facts. As such,
ground three is due to be denied.

To the extent Petitioner raises an additional claim of trial court error (the trial court erred in allowing Petitioner to proceed to trial without conducting a competency hearing) under ground three, Respondents contend the claim is unexhausted and procedurally defaulted as it should have been raised on direct appeal. Response at 9-10, 24. Respondents note Petitioner first raised this claim of trial court error on appeal of the denial of the Rule 3.850 motion. Id. at 10. See Ex. X at 24-25. As such, Respondents submit, the claim was not presented in a procedurally correct manner and is procedurally barred.

Upon review, however, the last state court rendering a judgment did not clearly and expressly state that its judgment rests on a state procedural bar. Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir.), cert. denied, 513 U.S. 1061 (1994). Of note, the 5th DCA affirmed per curiam, without a written opinion. Ex. AA. Additionally, the state, in its answer brief, did not address an issue of trial court error. Ex. Y at 26-28. Not only did the state make no mention of it, the state also made no assertion of procedural default in its brief.

"A procedural default bars the consideration of the merits of an issue in federal court only when the state court itself applies the procedural default rule." Dobbert v. Strickland, 718 F.2d 1518, 1524 (11th Cir. 1983) (per curiam) (citation omitted), cert. denied, 468 U.S. 1220 (1984). This Court cannot find the 5th DCA employed a procedural default rule based on the record. However,

to the extent the claim of trial court error is properly before this Court, it is due to be denied on its merits.

The record shows, upon his arrest, Petitioner was placed on suicide watch for three days, and thereafter returned to general population. Ex. S at 503-504. Petitioner had no problems in general population. Id. at 504. The circuit court noted, upon cross examination of Ms. Barger, she testified Judge Berger ordered a mental health evaluation at first appearance because Petitioner was on suicide watch due to statements he made to his wife and a note he left. Ex. T at 197. Furthermore, Mr. Barger testified she never perceived any signs of incompetency. Ex. S at 474.

Based on this record, the trial court did not err in allowing Petitioner to proceed to trial without conducting a competency hearing. At most, Petitioner has shown there was some concern that Petitioner, upon his arrest, was suicidal, but he was removed from suicide watch after three days and placed in general population, without incident. Defense counsel attested she never had any concerns that Petitioner was incompetent or ever believed he needed to be evaluated concerning his competency to stand trial. Ex. S at 474. The trial record itself does not support a contention of incompetency. The Court finds the trial court did not err in failing to require a competency hearing. As such, this part of ground three is due to be denied.

### D.  Ground Four

In ground four, Petitioner claims the post conviction court committed reversible error in failing to conduct an adequate <u>Faretta</u> hearing prior to allowing Petitioner to represent himself during the evidentiary hearing, resulting in a denial of due process of law.  Petition at 9.  This claim does not present a viable claim for post conviction relief:

> The Supreme Court has long held that there is no constitutional right to counsel in post-conviction proceedings, even in capital cases, which necessarily means that a habeas petitioner cannot assert a viable, freestanding claim for the denial of the effective assistance of counsel in such proceedings. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 752, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991); <u>see</u> <u>also</u> 28 U.S.C. § 2261(e) ("The ineffectiveness or incompetence of counsel during State or Federal postconviction proceedings in a capital case shall not be a ground for relief in a proceeding arising under section 2254.").

<u>Chavez</u>,742 F.3d at 944–45.

Since there is no constitutional right to counsel in post conviction proceedings, there is no viable, freestanding claim for the denial of effective assistance in those proceedings.  <u>Id</u>. at 944.  Indeed, "[l]ongstanding U.S. Supreme Court precedent holds that a habeas petitioner cannot assert a viable, freestanding claim for the denial of the effective assistance of state collateral counsel in post-conviction proceedings." <u>Lambrix v. Sec'y, Fla. Dep't of Corr.</u>, 756 F.3d 1246, 1263 (11th Cir. 2014) (citations omitted), <u>cert</u>. <u>denied</u>, 135 S.Ct. 64 (2014), 135 S.Ct. 1894 (2015).

As there is no constitutional right to counsel in post conviction proceedings, error, if any, in the court's failure to conduct an adequate <u>Faretta</u> hearing during the course of the evidentiary hearing does not rise to the level of a constitutional violation. Thus, Petitioner fails to present a viable claim for post conviction relief. <u>Cf</u>. 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Generally: "defects in state collateral proceedings do not provide a basis for habeas relief." <u>Carroll v. Sec'y, DOC</u>, 574 F.3d 1354, 1365 (11th Cir.) (citations omitted), <u>cert</u>. <u>denied</u>, 558 U.S. 995 (2009). As such, the claim raised in ground four is not a claim of constitutional dimension. <u>Alston v. Dep't of Corr., Fla.</u>, 610 F.3d 1318, 1325-26 (11th Cir.) (recognizing that challenges to a collateral proceeding do not undermine the legality of the conviction itself; therefore, habeas relief is inappropriate), <u>cert</u>. <u>denied</u>, 562 U.S. 1113 (2010). The Court finds Petitioner has failed to present a claim of constitutional dimension; therefore, he is not entitled to habeas relief on ground four.

## E. Ground Five

In ground five, Petitioner claims his "conviction was illegally obtained when the court accepted Petitioner's plea using a legally insufficient plea colloquy." Petition at 11. The record

demonstrates Petitioner, in his Rule 3.850 motion, raised a similar claim in ground six of the motion. Ex. Q at 33. On appeal of denial of the Rule 3.850 motion, Petitioner raised the following claim: "[l]ower court erred in summarily denying Defendant's ground six claim regarding the legally insufficient plea colloquy used by the trial court. Defendant's plea was not intelligently entered, thereby rendering the plea void." Ex. X at iii. See id. at 26-27.

Respondents, in their answer brief, relying on Davis v. State, 153 So.3d 399 (Fla. 1st DCA 2014) (per curiam) (where defendant does not challenge any factual findings or conclusions made by the trial court; challenge the legal authorities relied upon by the court; or dispute the sufficiency of the attached record to support the denial, the defendant has abandoned the issue and essentially conceded the trial court was correct), argue abandonment of the issue because Petitioner's argument was legally insufficient to present an issue on appeal, "as Draper fails to address the trial court's factual or legal findings or supporting attachments in anyway [sic]." Ex. Y at 29. Respondents suggest Petitioner's failure in this regard is comparable to failing to brief a particular ground on appeal after receiving an evidentiary hearing on that ground raised in a Rule 3.850 motion, resulting in a waiver of the issue, citing Williams v. McDonough, No. 8:02-cv-965-T-30MAP, 2007 WL 2330794, at *2 (M.D. Fla. Aug. 14, 2007) (after receiving an evidentiary hearing, Petitioner was required to file

a brief, he filed a brief, but failed to address the ground, constituting waiver of that ground).  See Response at 11.

In sum, Respondents contend Petitioner's failure to properly brief the issue on appeal of denial of the Rule 3.850 motion means the claim is unexhausted, defaulted, and procedurally barred.  Id. at 11-12.  Upon review, by failing to adequately brief the claim on appeal of the denial of his Rule 3.850 motion, Petitioner failed to give the state courts one full opportunity to resolve any constitutional issue related to the claim.

Ordinarily, a petitioner must exhaust state court remedies prior to presenting a claim to this Court:

> An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. § 2254(b), (c). A claim must be presented to the highest court of the state to satisfy the exhaustion requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ; Richardson v. Procunier, 762 F.2d 429, 430(5th Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443(5th Cir. 1982). In a Florida non-capital case, this means the applicant must have presented his claims in a district court of appeal. Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995). The claims must be presented in State court in a procedurally correct manner. Id. Moreover, the habeas applicant must have presented the State courts with the same federal constitutional claim that is being asserted in the habeas petition. "It is not sufficient merely that the federal habeas petitioner has been through the state courts ... nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made." Kelley v. Sec'y, Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004) (citing Picard v. Connor, 404 U.S. 270, 275-76

(1971)); <u>Anderson v. Harless</u>, 459 U.S. 4, 6
(1982). A petitioner is required to present
his claims to the state courts such that the
courts have the "opportunity to apply
controlling legal principles to the facts
bearing upon [his] constitutional claim."
<u>Picard v. Connor</u>, 404 U.S. 270, 275-77 (1971).
To satisfy this requirement, "[a] petitioner
must alert state courts to any federal claims
to allow the state courts an opportunity to
review and correct the claimed violations of
his federal rights." <u>Jimenez v. Fla. Dep't of
Corr.</u>, 481 F.3d 1337 (11th Cir. 2007) (citing
<u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995).)
"Thus, to exhaust state remedies fully the
petitioner must make the state court aware
that the claims asserted present federal
constitutional issues." <u>Snowden v. Singletary</u>,
135 F.3d 732, 735 (11th Cir. 1998).

<u>Aguilera v. Jones</u>, No. 15-CV-20406, 2016 WL 791506, at *7 (S.D.

Fla. Jan. 13, 2016), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u> <u>by</u> No.

15-20406-CIV, 2016 WL 932808 (S.D. Fla. Mar. 10, 2016).

The record shows Petitioner failed to adequately brief the

claim on appeal of the denial of his post conviction motion,

constituting abandonment. Thus, Petitioner abandoned the claim in

his failure to properly brief the issue, resulting in the claim

being unexhausted; "[a]n appellant who presents no argument as to

why a trial court's ruling is incorrect on an issue has abandoned

the issue—essentially conceded that denial was correct." <u>Davis</u>,

153 So.3d at 401 (quoting <u>Prince v. State</u>, 40 So.3d 11, 13 (Fla.

4th DCA 2010)). The claim is also procedurally defaulted as it is

abundantly clear that this unexhausted claim would be procedurally

barred in state court.

There are allowable exceptions to the procedural default doctrine; "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Martinez v. Ryan, 566 U.S. 1, 10 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). Petitioner has not shown cause and prejudice nor a manifest injustice will result if this claim is not addressed its merits. Although a petitioner may obtain review of the merits of a procedurally barred claim if he satisfies the actual innocence "gateway" established in Schlup v. Delo, 513 U.S. 298 (1995), Petitioner has not done so. The gateway is meant to prevent a constitutional error at trial from causing a miscarriage of justice and "'the conviction of one who is actually innocent of the crime.'" Kuenzel v. Comm'r, Ala. Dep't of Corr., 690 F.3d 1311, 1314 (11th Cir. 2012) (per curiam) (quoting Schlup, 513 U.S. at 324), cert. denied, 569 U.S. 1004 (2013). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Ala., 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002). With respect to this unexhausted ground, Petitioner has failed to identify any fact warranting the application of the fundamental miscarriage of justice exception.

In light of the above, the Court finds ground five is unexhausted and procedurally defaulted. As Petitioner has failed to establish cause and prejudice or any factors warranting the

application of the fundamental miscarriage of justice exception to overcome the default, ground five is procedurally barred and due to be denied as barred.

Alternatively, this claim is due to be denied on its merits. In ground six of his Rule 3.850 motion, Petitioner claimed his conviction was illegally obtained through a legally insufficient plea colloquy, accepted by the trial court. Ex. Q at 33. Petitioner argued, but for the illegally insufficient plea colloquy, Petitioner's mental health history would have been disclosed to the court and the deficiency of the DNA evidence would have been apparent. <u>Id</u>.

The matter of DNA testing and counsel's alleged failure to request a defense DNA expert to rebut the testimony of the state's DNA expert regarding touch DNA that was found on the firearm was fully addressed in the trial court's Order Following Evidentiary Hearing on Defendant's Amended Motion for Postconviction Relief. Ex. T at 185-90. The trial court found the state primarily focused on circumstantial evidence to prove Petitioner's possession of the firearm, pointing to the victim's testimony and sworn statements that Petitioner possessed the firearm and held a gun to the victim's head. <u>Id</u>. at 189. Also, the trial court recognized the state did not rely heavily on the DNA evidence to establish Petitioner possessed it. <u>Id</u>. The trial court referenced Ms. Jill Barger's [defense counsel] evidentiary hearing testimony: "she knew the DNA procured from the weapon was 'slim to nothing,' and

that it did not appear to her that the State was relying upon the DNA to prove the firearm was in Defendant's possession." Id. at 187.

Also, upon review of the trial record, the Court is convinced the plea proceeding was not inadequate. After the jury trial on Counts I, III, and IV, Petitioner entered a plea of nolo contendere to the charge of possession of a firearm by a convicted felon, Count II. Tr. at 363-64. The defense did not dispute Petitioner's prior felony convictions. Id. at 364. Petitioner's counsel said:

> The jury made a finding in the deliberation that you possessed a firearm in the commission of the aggravated battery. So based on their finding that you possessed a firearm and you're a convicted felon, this ruling - it's almost impossible to not - to dispute that charge.
>
> So in the interest of economy and everything else, I was going to enter a plea of no contest. It's a plea of convenience. You neither admit nor deny it. Based on where we're at right now, I think it's the best and easiest thing to do.

Id. at 367.

The trial court asked Petitioner if that is what he wanted to do, and Petitioner responded in the affirmative. Id. Petitioner, after being placed under oath, said he wanted to enter a plea to the second-degree felony charge of possession of a firearm by a convicted felon. Id. at 367-68. The court advised Petitioner of the maximum possible punishment. Id. at 368. Petitioner testified he was forty-nine years of age, and he completed an eighth grade

education and could read and write. _Id_. Petitioner testified he was married, worked in recycle, and is a United States citizen. _Id_. at 369. When asked, "[h]ave you ever been treated for any mental or emotional disability, that you now suffer from any mental illness[,]" he responded no. _Id_. Petitioner denied having taken any narcotic drugs or alcohol in the past twenty-four hours. _Id_. He admitted he had been convicted of a crime that involved sexual violence or sexual motivation. _Id_. The court advised Petitioner that he may be subject to civil commitment under the Jimmy Ryce Act, and Petitioner confirmed he understood. _Id_. at 369-70.

The trial court advised Petitioner of his constitutional rights, including the right to remain silent, the right not to be compelled to testify against himself, the right to be represented by an attorney, the right to plead not guilty, the right to trial by jury, the right to confront witnesses against him, and the right to compel the attendance of witnesses to testify in his behalf. _Id_. at 370-71. The court pointed out the state's burden of proof beyond and to the exclusion of every reasonable doubt. _Id_. at 371. Petitioner confirmed that he heard and understood his rights. _Id_. Petitioner stated he understood that by entering a plea of no contest he was giving up his rights and there would not be a trial. _Id_. Petitioner also confirmed he understood that for purposes of the possession of a firearm count, he would not be denying the facts. _Id_.

In addition, Petitioner responded affirmatively that he understood he would be giving up his right to appeal all matters except that of an illegal sentence or the circumstances surrounding the entry of the plea. Id. at 372. He denied that anyone had used force, threats, pressure, or intimidation to get him to enter the plea of no contest. Id. He further denied that anyone had promised him anything. Id.

The state proffered the facts and stated that Petitioner, on October 8, 2011, in St. Johns County, Florida, did knowingly possess a firearm after being convicted of a felony. Id. The defense stipulated to the prior offenses. Id. at 372-73. Petitioner confirmed he had not been promised anything. Id. at 373. Finally, the court asked Petitioner if he believed the plea of no contest to the charge was in his best interest, and Petitioner responded affirmatively. Id. at 374. With that, the court found Petitioner alert and intelligent, that he understood the nature and consequences of pleading no contest to the charge, and found a factual basis to sustain the plea. Id. Finally, the trial court accepted the plea. Id.

Solemn declarations in open court carry a strong presumption of verity. Petitioner has not overcome this presumption. This Court should look to contemporaneous evidence to substantiate Petitioner's expressed preferences, and it is obvious, based on the record, that Petitioner decided to plead nolo contendere to the offense of possession of a firearm by a convicted felon. As noted

by his counsel at the evidentiary hearing, the jury had already found, during the course of the aggravated assault of the victim, Petitioner actually possessed a firearm. Ex. D at 90. Petitioner did not deny he was a convicted felon. Tr. at 372-73. Notably, the record references his prior convictions. Id. at 372.

Although Petitioner summarily states he had "significant mental health issues," he offers nothing to support that contention. In fact, Petitioner denied having mental health issues on the record during the plea colloquy.[6] Tr. at 369.

Petitioner also summarily states there was DNA that could have exonerated him. Petitioner has not identified any DNA that could have exonerated him. At most, based on the trial record, there was extremely low, statistically speaking, DNA evidence (1 in 4, with results at one out of 13 markers) offered against Petitioner by the state, which the state's expert admitted upon cross examination could have been from a family member or someone else. Tr. at 245-46. As noted by the trial court, "Ms. Barger [defense counsel] felt she was able to cross-examine the FDLE expert to bring out the fact that the DNA was not extremely reliable." Ex. T at 187. Furthermore, Ms. Barger believed another DNA expert would have testified similarly to the results of the DNA tests; therefore, an

---

[6] Petitioner was placed on suicide watch for three days upon his arrest, but he was released to general population. Ex. S at 504. Petitioner testified he had no problems in general population. Id.

additional expert's testimony would have been duplicative and unproductive.  <u>Id</u>.

Based on all of the above, Petitioner is not entitled to relief on the fifth ground of the Petition and it is due to be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. 1) is **DENIED**.

2.    This action is **DISMISSED WITH PREJUDICE.**

3.    The **Clerk** shall enter judgment accordingly and close this case.

4.    If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[7]  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be

---

[7] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, this Court will deny a certificate of appealability.

filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of July, 2019.

_____

BRIAN J. DAVIS
United States District Judge

sa 7/8
c:
Timothy C. Draper
Counsel of Record